```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
DAVID RAINEY,                                           :
                                                        :           14-CR-197 (JMF)
                                        Movant,         :           16-CV-4748 (JMF)
                                                        :
                -v-                                     :           MEMORANDUM
                                                        :           OPINION AND ORDER
UNITED STATES OF AMERICA,                               :
                                                        :
                                        Respondent.     :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 8, 2014, this Court sentenced David Rainey to seventy-one months' imprisonment for possession of a firearm having previously been convicted of a felony, in violation of Title 18, United States Code, Section 922(g). (Docket No. 17).[1] That sentence was based, in part, on the Court's determination — uncontested at the time — that Rainey had committed two felony convictions of "a crime of violence," as defined in Section 4B1.2(a) of the 2013 United States Sentencing Guidelines. *See* U.S.S.G. § 2K2.1(a)(2), application note 1 (2013). Rainey now moves, pursuant to Title 28, United States Code, Section 2255, to vacate or correct his sentence. (Docket Nos. 29-30). Specifically, he contends that, in light of the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015) ("*2015 Johnson*"), his prior convictions — for assault in the second degree and attempted robbery in the first degree — are not "crimes of violence." For the reasons stated below, Rainey's motion is denied.

In *2015 Johnson*, the Supreme Court held that the "residual clause" in the "violent felony" provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. *See* 135 S. Ct. at 2563. The applicable definition of "crime of violence" in Section

---

[1]   All docket references are to the docket in Rainey's criminal case, 14-CR-197.

4B1.2(a) of the 2013 Guidelines contained an identical clause, *compare* 18 U.S.C. § 924(e)(2)(B) (2006), *with* U.S.S.G. § 4B1.2(a) (2013), and, at least for purposes of this motion, the Government does not dispute that that provision is invalid in light of *2015 Johnson*.  (Docket No. 31 ("Gov.'s Opp'n") 4-5).  Instead, the Government opposes Rainey's motion on two grounds: first, that *2015 Johnson* does not apply to the Guidelines retroactively on collateral review (*id.* at 11-12); and second, that, even if *2015 Johnson* does apply, Rainey's convictions qualified as "crimes of violence" under the "elements" or "force clause" of Section 4B1.2(a).  (*Id.* at 5-10). At the time of Rainey's sentencing, the "elements" or "force clause" provided that a felony qualified as a "crime of violence" if it had "as an element the use, attempted use, or threatened physical use of physical force against the person of another."  U.S.S.G. § 4B1.2(a).  ACCA contains a similar clause, *see* 18 U.S.C. § 924(e)(2)(B)(i), which the Supreme Court explicitly did "not call into question" in *2015 Johnson*, 135 S. Ct. at 2563.

In light of binding Second Circuit precedent, the Court concludes that Rainey's prior convictions qualified as "crimes of violence" under the "elements" or "force clause" of Section 4B1.2(a) and therefore does not reach the question of whether *2015 Johnson* applies retroactively to the Guidelines.  The first conviction at issue was for assault in the second degree, in violation of New York Penal Law Section 120.05(2).  (*See* Docket No. 35).  Under that provision, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or dangerous instrument."  N.Y. Penal Law § 120.05(2).  Rainey argues that a conviction under that provision does not qualify as a "crime of violence" under the "elements" or "force clause" because it does not necessarily involve the use of "physical force."  (Docket No. 37 ("Movant's Supp. Br.") 2-4).  In *United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006), however, the Second Circuit considered precisely that argument and called it "meritless."  *Id.* at 788.  "[C]ategorically," the Court explained, "[the defendant's] conviction involved an attempt

2

to cause physical injury by means of a deadly weapon or dangerous instrument. To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term . . . ." *Id.*

Rainey's efforts to evade the effects of *Walker* are unavailing. First, he suggests that *Walker* is no longer good law because it relied in part on the now-invalidated "residual clause." (Movant's Supp. Br. 4). It is true that *Walker* also invoked the "residual clause," *see* 442 F.3d at 788 ("To (attempt to) cause physical injury by means of a deadly weapon or dangerous instrument is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term, *and* necessarily creates 'a serious potential risk of physical injury to another.'" (emphasis in original)), and that part of the decision is plainly unsound in light of *2015 Johnson*. But that does not cast doubt on its adequate and independent alternative holding — that second degree assault qualifies as a violent felony under the "force clause." Second, relying principally on *Villanueva v. United States*, 16-CR-293 (JCH), 2016 WL 3248174, at *10 (June 10, 2016), Rainey contends that assault in the second degree does not necessarily involve the "use of physical force" because the term "dangerous instrument" includes "substances" and one could commit the offense "by using emotional force to compel another person to take a cyanide pill, or by distributing anthrax through a building's air conditioning system." (Movant's Supp. Br. 3-4 (quoting *Villanueva*, 2016 WL 3248174, at *10)).

But this Court is required to follow *Walker* "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted). That is, "[t]he precise question for this Court . . . is not whether, by its own analysis," subsequent Supreme Court cases call for a different result than that reached in *Walker*. *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004). Instead, it is whether that subsequent

3

precedent "so conclusively supports that finding that the Second Circuit or the Supreme Court is all but certain to overrule" *Walker*. *Id.* With all due respect to the *Villanueva* Court, there is no basis to conclude that that high threshold has been met here, if only because the Second Circuit itself has held since *2015 Johnson* (albeit in an unpublished order) that assault is a "violent felony" under the "elements" or "force clause" of ACCA, *see Harris v. United States*, No. 15-2679, Docket No. 38 (2d Cir. November 17, 2015), and district courts in the Circuit have continued to apply *Walker* in the wake of *2015 Johnson*, *see, e.g.*, *Washington v. United States*, No. 12-CR-6072 (MAT), 2016 WL 1572005, at *2 (W.D.N.Y. Apr. 19, 2016), *reconsideration denied*, 2016 WL 3552181 (June 30, 2016); *Williams v. United States*, No. 15-CV-3302 (RMB), 2015 WL 4563470, at *4-5 (S.D.N.Y. July 20, 2015); *see also United States v. Williams*, 526 F. App'x 29, 37 (2d Cir. 2013). In short, *Walker* remains binding on this Court and forecloses Rainey's argument that his assault conviction is no longer a "crime of violence."[2]

For similar reasons, binding Second Circuit precedent also forecloses Rainey's attacks on his second conviction — for attempted robbery in the first degree. *See, e.g.*, *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995) (holding that robbery under New York law is a violent

---

[2] Separate and apart from the fact that this Court does not have authority to disregard *Walker*, there are at least two reasons to doubt the *Villanueva* Court's analysis and conclusion. First, "physical force" arguably includes the act of poisoning someone, infecting someone with a disease, or attacking someone with an intangible substance. *See, e.g.*, *United States v. Castleman*, 134 S. Ct. 1405, 1414-15 (2014) (defining "physical force" as "simply force exerted by and through concrete bodies" and providing those three examples); *Morris v. Holder*, 676 F.3d 309, 316 (2d Cir. 2012) ("[P]hysical force . . . includes *any* power, violence, or pressure directed against a person or thing." (internal quotation marks omitted)). Second, the *Villanueva* Court's hypotheticals arguably fall short because, in arguing that a crime does not necessarily involve the use of physical force, "a defendant is required to point to his own case or other cases in which the . . . courts in fact did apply the statute in such a manner to show that there is a realistic probability that the [statute] would reach the conduct [the defendant] describes." *United States v. Hill*, 832 F.3d 135, 142-43 (2d Cir. 2016). Notably, the *Villanueva* Court did not cite actual cases in which courts applied the assault statute to the use of emotional force to compel another person to take a cyanide pill or to the distribution of anthrax through a building's air conditioning system. In any event, the Court need not, and does not, address those points because, for the reasons discussed above, *Walker* is binding on the Court.

4

felony under the "elements" or "force clause" of ACCA). The Court acknowledges that another Supreme Court case, *Johnson v. United States*, 559 U.S. 133 (2010) ("*2010 Johnson*"), casts some doubt on the continuing validity of *Brown* and similar cases. *See, e.g.*, *United States v. Johnson*, No. 15-CR-32 (BMC), 2016 WL 6684211, at *4-7 (E.D.N.Y. Nov. 12, 2016); *Diaz v. United States*, No. 1:16-CV-0323 (MAT), 2016 WL 4524785, at *5-7 (W.D.N.Y. Aug. 30, 2016); *see also United States v. Jones*, No. 15-1518, slip op. at 14-16  (2d Cir. July 21, 2016) (holding that "forcible stealing" under New York law does not constitute "violent force" under *2010 Johnson*), *vacated by* 2016 WL 5791619 (2d Cir. Oct. 3, 2016) (ordering that the appellee's petition be held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544). But, again, the question is not whether this Court, writing on a blank slate, would conclude that Rainey's conviction is not a "crime of violence." Instead, it is whether — as a lower court — this Court remains bound by *Brown* and similar cases. Once again, this Court concludes that it does indeed remain bound, "if only because the Second Circuit itself has repeatedly reaffirmed the holding of *Brown* since *2010 Johnson*." *Boone v. United States*, No. 02-CR-1185 (JMF), 2017 WL 398386, at *1 (S.D.N.Y. Jan. 30, 2017) (citing cases). Under current law, therefore, Rainey's robbery conviction also remains a "crime of violence" and his attack on his sentence falls short even if *2015 Johnson* applies retroactively to the Guidelines.[3]

For the foregoing reasons, Rainey's Section 2255 motion is DENIED in its entirety. As Rainey has not made a substantial showing of the denial of a constitutional right, a certificate of

---

[3] The Second Circuit's July 21, 2016 decision in *Jones* does not call for a different conclusion, as it was vacated and is thus a nullity for present purposes. That said, even if the Second Circuit were to reinstate its decision in *Jones*, Rainey's robbery conviction might still qualify as a "crime of violence," as *Jones* did not address Subsection 3 of New York's first-degree robbery statute, the provision of which Rainey was convicted. *See, e.g.*, *Stuckey v. United States*, No. 16-Cv-1787 (JPO), 2016 WL 7017419, at *6 (S.D.N.Y. Dec. 1, 2016) (concluding that a conviction under Subsection 3 of New York's first-degree robbery statute qualified as a violent felony under ACCA even after *2010 Johnson*). Again, the Court need not, and does not, address the issue because, for the reasons discussed above, *Brown* is binding on the Court.

appealability will not issue.  *See* 28 U.S.C. § 2253; *Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997); *see also, e.g.*, *Belk v. United States*, No. 16-765, 2016 WL 1587223, at *1 (2d Cir. Apr. 19, 2016) (holding that *2010 Johnson* "concerned the interpretation of the ACCA and did not announce a new rule of *constitutional* law" (emphasis added)).  The Clerk of Court is directed to close 16-CV-4748 and to terminate 14-CR-197, Docket No. 29.

      SO ORDERED.

Dated: February 7, 2017
      New York, New York

                                           JESSE M. FURMAN
                                           United States District Judge